UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

KEVIN MILTON                                              CIVIL ACTION

VERSUS                                                    NO. 16-458

BLUE CROSS BLUE SHIELD OF                                 SECTION I
TEXAS, INC.

ORDER AND REASONS

The Court has pending before it a motion[1] to dismiss filed by defendant, Health Care Services Corporation d/b/a Blue Cross and Blue Shield of Texas ("BCBS"). Plaintiff, Kevin Milton, opposes the motion.[2] For the following reasons, the motion is granted.

BACKGROUND

This case arises out of the death of plaintiff's wife, Marcia Milton ("Mrs. Milton"). According to the state-court petition, Mrs. Milton "had a valid policy of health insurance in effect with defendant, Blue Cross and Blue Shield of Texas, through plaintiff, Kevin Milton and Debusk Services Group."[3] "The Group Number of the policy holder is 31530 and the identification number is AIA830313493."[4]

Mrs. Milton "was diagnosed with neurological sarcoidosis" in January 2012 and was prescribed "Remicade," which "controlled her sarcoidosis and the symptoms thereof."[5] In

---

[1] R. Doc. No. 15.
[2] R. Doc. No. 17. The Court elects to consider the arguments raised in plaintiff's late opposition.
[3] R. Doc. No. 1-2, at 3.
[4] R. Doc. No. 1-2, at 3.
[5] R. Doc. No. 1-2, at 3.

1

"September 2014, suddenly and without warning or explanation, [BCBS] dropped the policy of health insurance" for Mrs. Milton and her prescription for Remicade was "denied by her insurance company."[6] Plaintiff alleges that Mrs. Milton was then unable to obtain Remicade and "died from diabetic ketoacidosis."[7] Plaintiff sued BCBS in Louisiana state court "individually and on behalf of his deceased wife," alleging that BCBS negligently damaged and injured both of them.[8]

BCBS removed the above-captioned matter to this Court, asserting both diversity jurisdiction and federal question jurisdiction.[9] In particular, BCBS contended in the notice of removal that "the Miltons' healthcare benefits plan qualifies as an 'employee welfare benefit plan' under ERISA."[10] As an exhibit to its motion to dismiss, BCBS attaches what it refers to as a "Benefit Booklet" for plaintiff's health benefit plan.[11]

## STANDARD OF LAW

A district court may dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). As the U.S. Court of Appeals for the Fifth Circuit explained in *Gonzalez v. Kay*:

---

[6] R. Doc. No. 1-2, at 3.
[7] R. Doc. No. 1-2, at 4.
[8] R. Doc. No. 1-2, at 4.
[9] R. Doc. No. 1, at 1.
[10] R. Doc. No. 1, at 3.
[11] R. Doc. No. 15-2. BCBS submits no affidavit or other material to corroborate that this is the Benefit Booklet applicable to plaintiff. Although there is an apparent discrepancy between the Group Number listed on the face of the Benefit Booklet, *see* R. Doc. No. 15-2, at 1 ("Group #105447") and the Group Number referred to in the petition, *see* R. Doc. No. 1-2, at 3 ("The Group Number of the policy holder is 31530 . . . ."), plaintiff does not dispute the authenticity of the Benefit Booklet or that it is the correct document.

> "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court recently expounded upon the *Twombly* standard, explaining that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

577 F.3d 600, 603 (5th Cir. 2009).

This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Nonetheless, the Court may consider the terms of the healthcare benefits plan at issue because it is attached to the motion to dismiss, referred to in the petition, and central to plaintiff's claims. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *Spivey*, 197 F.3d at 774; *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

## LAW & ANALYSIS

BCBS moves to dismiss plaintiff's claims because the health insurance at issue allegedly was an ERISA plan and, therefore, (1) ERISA preempts plaintiff's state-law tort claims, and (2) plaintiff's ERISA claims are barred because he failed to exhaust administrative remedies. For the following reasons, the Court finds that the preemption issue is dispositive and requires dismissal of plaintiff's claims with prejudice.

3

**A.      ERISA Preemption**

BCBS contends that pursuant to 29 U.S.C. § 1144(a), ERISA preempts plaintiff's state-law tort claims which are essentially wrongful death and survivor claims based on Mrs. Milton's death. ERISA preemption is an affirmative defense and the defendant asserting preemption has the burden of proof. *See Access Mediquip L.L.C. v. UnitedHealthcare Ins. Co.*, 662 F.3d 376, 378 (5th Cir. 2011). The Fifth Circuit has "frequently stated that the existence of an ERISA plan within the statutory definition is a question of fact." *House v. Am. United Life Ins. Co.*, 499 F.3d 443, 448 (5th Cir. 2007) (citing *Meredith*, 980 F.2d at 353). "However, where the factual circumstances are established as a matter of law or undisputed, [the Fifth Circuit has] treated the question as one of law to be reviewed *de novo*." *Id.* Accordingly, "while not so stating," the Fifth Circuit "treat[s] the existence of an ERISA plan as a mixed question of fact and law." *Id.* at 449.

The Court notes that in the past it has decided the existence of an ERISA plan through a motion for summary judgment. *See McGinn v. Metropolitan Life Ins. Co.*, No. 11-3025, 2014 WL 3489736 (E.D. La. July 14, 2014) (Africk, J.). As BCBS points out, however, in some circumstances it may be possible to determine the existence of an ERISA plan from the face of the pleadings and the plan document itself.[12] Accordingly, the existence of an ERISA plan may or may not be appropriately resolved through a Rule 12(b)(6) motion. *See House*, 499 F.3d at 448.

In analyzing preemption of state-law claims pursuant to § 1144(a), the Court "first ask[s] whether the benefit plan at issue constitutes an ERISA plan; if it is, [the Court] must then determine whether the state-law claims 'relate to' the plan." *Woods v. Tex. Aggregates, L.L.C.*, 459 F. 3d 600,

---

[12]R. Doc. No. 20, at 2-3 (citing *Fanase v. Liberty Life Assurance Co. of Boston*, 2011 WL 1706531 (N.D. W. Va. May 5, 2011); *La Fata v. Raytheon Co.*, 223 F. Supp. 2d 668 (E.D. Pa. 2002)).

602 (5th Cir. 2006).[13] The Court will address each step in turn.

**1.)	ERISA Plan**

To determine whether a plan or policy "is a benefit plan regulated by ERISA," the Fifth Circuit asks "whether a plan (1) exists; (2) falls within the safe-harbor provision established by the Department of Labor; and (3) satisfies the primary elements of an ERISA 'employment benefit plan'—establishment or maintenance by an employer intending to benefit employees.'" *See House*, 499 F.3d at 448 (quoting *Meredith*, 980 F.2d at 355).[14] "If any part of this inquiry is answered in the negative, the submission is not an ERISA plan." *Clayton*, 722 F.3d at 294 (alteration omitted).

First, the Court finds that BCBS has established that the plan exists.[15] A plan exists when "from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits." *Meredith*, 980 F.2d at 355; *Clayton*, 722 F.3d at 294. The Benefit Booklet details the intended benefits such as health insurance

---

[13]BCBS asserts "conflict preemption" pursuant to 29 U.S.C. § 1144(a), and not "complete preemption" pursuant to 29 U.S.C. § 1132. *See Kersh v. UnitedHealthcare Ins. Co.*, 946 F. Supp. 2d 621, 630-31 (S.D. Tex. 2013) (explaining the different types of ERISA preemption).

[14]The Fifth Circuit has also characterized the test as follows:
> We apply the following three-element test to determine whether a particular plan is covered by ERISA:
> (i) whether from the surrounding circumstances a reasonable person could ascertain the plan's intended benefits, beneficiaries, source of financing, and procedures for receiving benefits;
> (ii) whether the plan falls outside of the ERISA exemptions promulgated by the Department of Labor in 29 C.F.R. §§ 2510.3-1(j)(1)-(4); and
> (iii) whether an employer established or maintained the plan with the intent to provide benefits to its employees.

*Clayton v. ConocoPhillips Co.*, 722 F.3d 279, 294 (5th Cir. 2013) (citing *Meredith*, 980 F.2d at 355-56).

[15]The Court observes that BCBS's arguments as to this element should have been better developed. Directions to "see generally" a 128-page exhibit are not helpful to the Court. R. Doc. No. 20, at 4.

and pharmacy benefits,[16] eligibility for such benefits,[17] potential beneficiaries such as spouses and dependents,[18] the source of financing (i.e., premiums jointly paid by the employer and the beneficiary),[19] and the procedure for filing and receiving benefit claims.[20] Accordingly, the Court agrees with BCBS that plaintiff's "allegations–as well as the contents of the Benefits Booklet–establish the existence of an ERISA benefit plan, because they permit a reasonable person to infer 'the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits.'"[21]

Second, BCBS has established that the safe-harbor provision does not apply. When an employer contributes to its employees' plan premiums, the policy falls outside the safe-harbor provision because it fails the first safe-harbor requirement: that "No contributions are made by an employer or employee organization." 29 C.F.R. § 2510.3-1(j)(1); *see also Read v. Sun Life Assurance Co. of Canada*, 268 F. App'x 369, 371 (5th Cir. 2008). As noted above, the Benefit Booklet plainly contemplates the employer paying at least a portion of the premiums.[22]

Third, BCBS has established that plaintiff's allegations and the Benefit Booklet demonstrate satisfaction of "the primary elements of an ERISA 'employee benefit plan'—establishment or maintenance by an employer intending to benefit employees." *House*, 499 F.3d at 450. The plan expressly states that it was "offered by [Milton's] Employer as one of the benefits of [his]

---

[16]*E.g.*, R. Doc. No. 15-2, at 7-11.
[17]*E.g.*, R. Doc. No. 15-2, at 16.
[18]*E.g.*, R. Doc. No. 15-2, at 16.
[19]*E.g.*, R. Doc. No. 15-2, at 2 (referring to the employer's "timely payment of the total premium due"); R. Doc. No. 15-2, at 101 (referring to the employee's "portion of the group premium").
[20]*E.g.*, R. Doc. No. 15-2, at 28-32 ("CLAIM FILING PROCEDURES").
[21]R. Doc. No. 15-1, at 7.
[22]*E.g.*, R. Doc. No. 15-2, at 2, 101.

6

employment" for the purpose of "assist[ing] [him] with many of [his] health care expenses for Medically Necessary services and supplies."[23] This satisfies the third requirement. *See id.*

Plaintiff's arguments in opposition are unpersuasive. His bare assertion that the existence of an ERISA plan is a fact question and that BCBS "cannot present, at this early stage of the litigation, sufficient evidence to prove the benefit plan is in fact an ERISA plan," is unconvincing.[24] As noted above, whether a plan is an ERISA plan is a question of law when the facts are undisputed, *House*, 499 F.3d at 448-49, and plaintiff has not disputed any facts, suggested what facts are missing, or suggested how discovery might allow him to dispute any of BCBS's factual assertions in the future.

The Court also attaches no weight to plaintiff's observation that the Benefit Booklet does not expressly "state that the benefit plan at issue is an ERISA benefit plan."[25] Whether a plan is an ERISA plan is governed by statute and the Fifth Circuit test set forth above. *See Wilson v. Kimberly-Clark Corp.*, 254 F. App'x 280, 283 (5th Cir. 2007) (agreeing that "a plan does not fall under ERISA simply because a defendant corporation has called it a 'plan'"). For essentially the same reason, the Court is not persuaded by plaintiff's citation to generic language in the Benefit Booklet which conditionally states that "*If* your plan is governed by the Employee Retirement Income Security Act (ERISA), you have the right to bring civil action under 502(a) of ERISA."[26] That boilerplate statement of law does not undermine the inescapable conclusion from the face of the petition and the Benefit Booklet that the health benefits plan at issue in this case is governed by ERISA.

---

[23] R. Doc. No. 15-2, at 13.
[24] R. Doc. No. 17, at 4.
[25] R. Doc. No. 15-1, at 2.
[26] R. Doc. No. 15-2, at 36 (emphasis added).

7

### 2.)    Relation of the State-Law Claims to the ERISA Plan

Because the benefit plan at issue is an ERISA plan, the next step in the § 1144(a) preemption analysis is whether plaintiff's "state-law claims 'relate to' the plan." *Woods*, 459 F. 3d at 602. Wrongful death and survival action tort claims based on a denial of benefits pursuant to an ERISA plan plainly relate to that plan for the purposes of the preemption analysis, as numerous courts have held. *See Corcoran v. United Healthcare, Inc.*, 965 F.2d 1321 (5th Cir. 1992), *abrogated on other grounds by Rogers v. Hartford Life & Acc. Ins. Co.*, 167 F.3d 933 (5th Cir. 1999); *Hammann v. AmeriHealth Adm'rs, Inc.*, No. 12-2545, 2013 WL 663760 (E.D. La. Feb. 25, 2013) (Barbier, J.), *aff'd* 543 F. App'x 355 (5th Cir. 2013); *Conway v. La. Health & Serv. & Indem. Co.*, No. 14-34, 2015 WL 1348501 (M.D. La. Mar. 25, 2015). Plaintiff does not respond to these authorities, let alone distinguish them.

Accordingly, the Court is persuaded that conflict preemption pursuant to 29 U.S.C. § 1144(a) preempts plaintiff's state-law tort claims. Claims preempted pursuant to conflict preemption should be dismissed. *See, e.g.*, *Kersh*, 946 F. Supp. 2d at 631 (explaining that conflict preemption of a claim "does require dismissal of that claim").[27] Furthermore, such dismissal should be with prejudice because plaintiff has not requested leave to amend to attempt to assert a non-preempted claim or offered any argument that could be construed as a request for leave to amend. *Cf. Adobbati v. Guardian Life*, 213 F.3d 638 (5th Cir. 2000) (Table).

---

[27]The Fifth Circuit has not decided whether state-law claims subject to *complete* preemption should be automatically construed as federal claims instead of being dismissed. *See Spear Mktg. Inc. v. BancorpSouth Bank*, 791 F.3d 586, 598 n.62 (5th Cir. 2015). However, claims which are *conflict* preempted must be dismissed. *See Kersh*, 946 F. Supp. 2d at 631; *Menchaca v. CNA Group Life Assurance Co.*, 331 F. App'x 298, 304 (5th Cir. 2009); *Cardona v. Life Ins. Co. of N. Am.*, No. 09-0833, 2009 WL 3199217, at *3-4, 9 (N.D. Tex. Oct. 7, 2009).

8

**B.      ERISA Exhaustion of Administrative Remedies**

The Court concludes that it need not address BCBS's additional argument based on failure to exhaust administrative remedies. Plaintiff's state-court petition alleges purely state-law negligence claims.[28] Every claim alleged in the petition is therefore preempted and should be dismissed, for the reasons set forth above; there are no non-preempted claims left. "There is no need to address exhaustion" because conflict preemption has already disposed of plaintiff's claims. *See Cardona*, 2009 WL 3199217, at *9.[29]

---

[28] R. Doc. No. 1-2, at 4.

[29] Although there is no need to address exhaustion, the Court is compelled to note that BCBS misstated the applicable law when it argued that "a *plaintiff* is required *to allege* that he or she has exhausted administrative remedies prior to filing suit as an element of his or her ERISA claim." R. Doc. No. 15-1, at 9 (emphasis added).In the Fifth Circuit, ERISA exhaustion is an affirmative defense. *See, e.g.*, *Crowell v. Shell Oil Co.*, 541 F.3d 295, 308-09 & n.57 (5th Cir. 2008); *Wilson v. Kimberly-Clark Corp.*, 254 F. App'x 280, 286 (5th Cir. 2007). A complaint alleging an ERISA claim is therefore "not subject to dismissal under Rule 12(b)(6) because it fails to allege facts disproving a possible affirmative defense" of exhaustion, unless "the plaintiff has alleged facts plainly indicating that an affirmative defense does apply." *See Am. Surgical Assistants, Inc. v. Great West Healthcare of Tex., Inc.*, No. 09-0646, 2010 WL 565283, at *2 (S.D. Tex. Feb. 17, 2010) (denying a 12(b)(6) motion to dismiss an ERISA claim, which motion was predicated on plaintiff's failure "*to allege* exhaustion of administrative remedies") (emphasis added); *accord Wilson*, 254 F. App'x at 287 ("Although Plaintiffs failed to plead that they exhausted administrative remedies, they need not have done so here.").

The cases BCBS cites do not support its argument that a plaintiff must affirmatively plead exhaustion. *Medina v. Anthem Life Insurance Co.* does not address pleading requirements; the failure to exhaust in that case was established by plaintiff's discovery responses and not a failure to plead exhaustion in the complaint. *See* 983 F.2d 29, 33 (5th Cir. 1993). In *Marcella v. Ochsner Health System*, this Court converted a motion to dismiss for lack of ERISA exhaustion into a motion for summary judgment and it did not address pleading requirements. *See* No. 10-2323, 2010 WL 4553520, at *1 & n.1 (E.D. La. Oct. 28, 2010) (Africk, J.); *accord Cox v. Graphic Commc'ns Conf. of Int'l Bhd. of Teamsters*, 603 F. Supp. 2d 23, 27-28 (D.D.C. 2009) (deciding exhaustion defense presented in motion for summary judgment). In *Piro v. Nexstar Broadcasting, Inc.*, a U.S. Magistrate Judge recommended dismissing an ERISA complaint because the plaintiff had "established the defense of failure to exhaust on the face of his complaint." No. 11-2049, 2012 WL 208596, at *4 (W.D. La. Apr. 10, 2012).

9

Accordingly,

**IT IS ORDERED** that the motion to dismiss is **GRANTED** and plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, May 19, 2016.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**